1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*closed Case*

FILED
CLERK, U.S. DISTRICT COURT

MAY 1 4 2010

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

Daniel P. Ackley et al.

          Plaintiffs,

v.

City of Los Angeles

          Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)

No.  CV-04-04334 CBM (SHx)

**ORDER DISMISSING PLAINTIFF TIMOTHY WILSON WITH PREJUDICE AND JUDGMENT IN FAVOR OF DEFENDANT CITY OF LOS ANGELES**

     On November 30, 2009, this Court Granted Plaintiffs' Motion for Summary Judgment. [Docket No. 105.]  Individual Plaintiff Timothy Wilson was not a party to that Motion. *See id.*  Accordingly, Mr. Wilson's claim was not affected by either this Court's Order Granting Summary Judgment or the Judgment it entered for Plaintiffs.

1    On December 7, 2009, this Court Ordered Mr. Wilson to appear for a status

2  conference on January 4, 2010. [Docket No. 106.]  In the Order setting the status

3  conference, the Court warned Mr. Wilson that his failure to appear at the status

4  result would result in dismissal of his claim.

5    Mr. Wilson neither attended the January 4, 2010, status conference, nor

6  filed any papers with this Court explaining the reasons for his non-appearance, nor

7  otherwise requested a continuance.  Consequently, the Court dismissed Mr.

8  Wilson's claim without prejudice on January 7, 2010.  [Docket No. 108.]

9    Mr. Wilson never amended his pleadings.  Accordingly, on April 28, 2010,

10  this Court issued an Order requiring Mr. Wilson to show cause no later than May

11  7, 2010, "why his claim should not be dismissed with prejudice and why a

12  judgment should not be entered in favor of Defendant the City of Los Angeles.

13  Failure to respond to this order to show cause shall result in the entry of judgment

14  in favor of Defendant, from which Mr. Wilson may appeal, if he chooses."

15  [Docket No. 124.]  Mr. Wilson did not respond to the Order to Show Cause.

16    A court has the inherent authority to dismiss a complaint if it first "give[s]

17  [the plaintiff] notice of its *sua sponte* intention to invoke Rule 12(b)(6) and

18  afford[s] [the plaintiff] an opportunity to at least submit a written memorandum in

19  opposition to such motion." *Wong v. Bell*, 642 F.2d 359 (9th Cir. 1981) (internal

20  citations omitted).  An Order to Show Cause, requiring the plaintiff to respond and

21  explain why his claims should not be dismissed, suffices to put the plaintiff on

22  notice that his claims are subject to dismissal. *See Wagh v. Metris Direct, Inc.*,

23  348 F.3d 1102, 1111 (9th Cir. 2005) (dismissal affirmed where court issued order

24  to show cause why claim should not be dismissed and plaintiff's response was

25  inadequate).

26    Here, the Court repeatedly put Mr. Wilson on notice of its intention to

27  dismiss his claim, and Mr. Wilson failed to amend his claim or otherwise respond

28  //

1   to the Court.  Accordingly, the Court invokes its inherent authority and dismisses

2   Mr. Wilson's claim **with prejudice**.

3        The Court further Orders that **judgment** shall be entered against Mr.

4   Wilson in favor of Defendant the City of Los Angeles.

5        IT IS SO ORDERED.

6   DATED:   May 14, 2010

7                                    By _____

8                                         CONSUELO B. MARSHALL
                                          UNITED STATES DISTRICT JUDGE