LAURA V. FARBER, State Bar No. 149618
lfarber@hahnlawyers.com
HAHN & HAHN LLP
NINTH FLOOR
301 E. COLORADO BOULEVARD
PASADENA, CALIFORNIA  91101-1977
Telephone: (626) 796-9123
Facsimile: (626) 449-7357

THOMAS A. WOODLEY
taw@wmlaborlaw.com
WOODLEY & McGILLIVARY
1125 15TH STREET, N.W.
SUITE 400
WASHINGTON, DC 20005
Telephone: (202) 833-8855
Facsimile: (202) 452-1090

**Attorneys for Plaintiffs**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| DANIEL P. ACKLEY, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF LOS ANGELES,<br><br>Defendant. | CASE NO. CV04-4334 CBM (SHx)<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT WITH RESPECT TO CALCULATING COMPENSATORY DAMAGES**<br><br>Date:   July 19, 2010<br>Time:   10:00 a.m.<br>Place:  Courtroom 2<br>Judge:  Hon. Consuelo B. Marshall |

Consistent with the Court's Order filed May 7, 2010 [Document No. 128], the plaintiffs hereby notice their Motion for Summary Judgment for hearing on July 19, 2010 at 10:00 a.m. before the Honorable Judge Consuelo B. Marshall.

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR SUMMARY
JUDGMENT WITH RESPECT TO CACULATING COMPENSATORY DAMAGES

This is an action to recover unpaid overtime compensation and other make-whole relief on behalf of individuals employed by the Fire Department of the City of Los Angeles as dispatchers and air ambulance workers. In an earlier Order, the Court granted plaintiffs' motion for summary judgment with respect to liability. [Document No. 89]. The Court found that defendant improperly classified plaintiffs as partially exempt from the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(k) and, as a result of that improper classification, violated the FLSA with respect to plaintiffs. The Court concluded that plaintiffs were entitled to damages as a result of defendant's violation of the FLSA, including backpay and liquidated (or double) damages. The Court also concluded that defendant's violation of the FLSA was willful, and, as a result, that plaintiff's were entitled to a three-year statute of limitations for recovering make-whole relief.

The instant motion concerns the damages to which plaintiffs are entitled and is based on the Stipulation of Facts which defendant's counsel is filing with the Court. The parties have agreed to the methodology for calculating the amounts plaintiffs should have been paid pursuant to 29 U.S.C. § 207(a)(1) and the Court's earlier Order. The parties disagree, however, on the methodology for offsetting/crediting overtime compensation already paid by defendant to plaintiffs.

In the accompanying Memorandum in Support of Plaintiffs' Motion for Summary Judgment, plaintiffs demonstrate that defendant is entitled to credit and/or

2

offset plaintiffs' backpay by overtime previously paid only on a workweek-by-workweek basis, in the same week in which plaintiffs worked and earned overtime.

      This motion is made following numerous conferences of counsel pursuant to L.R. 7-3.

Respectfully submitted,

Dated: June 21, 2010      By:   /s/ Thomas A. Woodley
                                                    Thomas A. Woodley
                                                    WOODLEY & McGILLIVARY

and

Laura V. Farber
HAHN & HAHN, LLP

Attorneys for Plaintiffs

3
PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR SUMMARY
JUDGMENT WITH RESPECT TO CALCULATING COMPENSATORY DAMAGES