Brian P. Walter, Bar No. 171429
bwalter@lcwlegal.com
David A. Urban, Bar No. 159633
durban@lcwlegal.com
LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 W. Century Boulevard, Suite 500
Los Angeles, CA 90045

Telephone: (310) 981-2000
Facsimile: (310) 337-0837

Attorneys for Defendant
City of Los Angeles

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Daniel P. Ackley, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>City of Los Angeles,<br><br>Defendant. | Case No. CV 04-4334 CBM(SHx),<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT ON DAMAGES ISSUES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>[F.R.C.P. Rule 56]<br><br>Date: July 19, 2010<br>Time: 10:00 a.m.<br>Judge: Hon. Consuelo B. Marshall |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**

PLEASE TAKE NOTICE that on July 19, 2010 at 10:00 a.m., or as soon thereafter as this matter may be heard in the above-entitled Court, located at 312 North Spring Street, Los Angeles, California, Defendant the City of Los Angeles (the "City") will and hereby does move the Court for Partial Summary Judgment pursuant to Federal Rule of Civil Procedure 56 as to the damage claims of Plaintiffs on the following grounds:

1. Defendant shall be entitled to credit for all overtime previously paid to Plaintiffs against any overtime owed to Plaintiffs during the relevant statutory period.

This Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the Parties' Joint Separate Statement of Stipulated Undisputed Facts filed concurrently herewith, any argument presented at the hearing on this matter, all pleadings, papers, and records on file herein, all papers lodged with the Court, and upon any other oral or documentary evidence that may be presented at the hearing on this Motion.

This Motion is made following numerous conferences of counsel conducted pursuant to Local Rule 7-3, on the issues this Motion raises, prior to twenty (20) days before the filing of this Motion.

Dated: June 21, 2010

Respectfully submitted,

LIEBERT CASSIDY WHITMORE

By: /s/ Brian P. Walter
Brian P. Walter
David A. Urban
Attorneys for Defendant
City of Los Angeles

422156.1 LO160-032

- 2 -

NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT; MEMO OF POINTS & AUTHORITIES

# TABLE OF CONTENTS

Page

I. INTRODUCTION ...................................................................................... 1

II. STATEMENT OF THE FACTS ................................................................ 3

III. ARGUMENT ............................................................................................. 4

    A. DEFENDANTS SHOULD BE ALLOWED TO APPLY OFFSETS ACROSS THE ENTIRE STATUTORY PERIOD ........................................................................................ 4

        1. Defendants' Calculation Method is Consistent with the Language of the FLSA ................................................ 4

        2. Principles of Equity Require Application of a Cumulative Calculation ................................................ 5

    B. IN THE ALTERNATIVE, DEFENDANTS SHOULD BE ALLOWED TO APPLY OFFSETS WITH CONSIDERATION GIVEN TO THE 27-DAY PERIOD .......... 8

    C. IN THE ALTERNATIVE, DEFENDANTS SHOULD BE ALLOWED TO APPLY OFFSETS WITH CONSIDERATION GIVEN TO THE ENTIRE PAY PERIOD ...................................................................................... 11

IV. CONCLUSION ....................................................................................... 12

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
5033 W. Century Boulevard, Suite 500
Los Angeles, CA 90045

# TABLE OF AUTHORITIES

Page

**FEDERAL CASES**

*Anderson v. Mt. Clemens Pottery Co.*
328 U.S. 680 (1946) ........................................................................................... 6

*D'Camera v. District of Columbia*
772 F.Supp. 779 (D.D.C. 1989.) ....................................................................... 6

*Herman v. Fabri-Centers of America, Inc.*
308 F.3d 580 (6th Cir. 2002) ............................................................................ 7

*Howard v. City of Springfield*
274 F.3d 1141 (7th Cir. 2002) .......................................................................... 7

*Kohlheim v. Glynn County*
915 F.2d. 1473 (11th Cir. 1990) ....................................................................... 6

*Maciel v. City of Los Angeles*
569 F.Supp.2d 1038 (2008) .............................................................................. 6

*Nolan v. City of Chicago*
125 F.Supp.2d 324 (N.D. Ill. 2000) ................................................................ 12

*O'Brien v. Town of Agawam*
491 F.Supp.2d 170 (D.C. Mass. 2007) ............................................................. 6

*Roman v. Maietta Construction Inc.*
147 F.3d 71, 77 (1st Cir. 1998) ........................................................................ 6

*Singer v. City of Waco*
324 F.3d 813 (5th Cir. 2003) ............................................................................ 6

**FEDERAL STATUTES**

29 USC § 207(e)(5)) ............................................................................................. 3

29 USC § 207(e)(7) .............................................................................................. 3

29 U.S.C. § 207(h)(2) ........................................................................................... 1

29 U.S.C. § 207(k) ................................................................................................ 1

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 W. Century Boulevard, Suite 500
Los Angeles, CA 90045

422125.1 LO160-025

- ii -

STIPULATION TO STAY DISCOVERY
AND PRE-TRIAL DATES PENDING
SETTLEMENT DISCUS

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This motion follows a ruling by this court granting summary judgment against Defendant City of Los Angeles on the issues of whether firefighters performing dispatching work and helicopter duty qualify for a section 7(k) work period for fire protection personnel. Pursuant to the court's ruling, the parties began the process of calculating the amount of damages owed to Plaintiffs on their claim under the Fair Labor Standards Act ("FLSA). Historically, Defendant has paid Plaintiffs for overtime compensation owed under the FLSA based on the application of a 27-day work period pursuant to 29 U.S.C. section 207(k) (i.e. time and one half overtime after 204 hours worked.) However, this Court's ruling required the parties to retroactively calculate overtime owed to Plaintiffs based on a 7-day, 40 hour workweek basis. At issue in this motion is the proper method for performing the calculations necessitated by the order of this Court.

A dispute has arisen between the parties as to the extent to which Defendant should receive credit for overtime already paid to Plaintiffs while they were assigned to dispatching or helicopter duties. Specifically, the following two types of payments are at issue: (1) payments already made to Plaintiffs under the FLSA for overtime hours worked based on the Defendant's prior application of the 27-day workweek standard (hereafter referred to as "credits"); and (2) extra payments made pursuant to the terms of a collective bargaining agreement which can be offset against FLSA overtime obligations pursuant to 29 U.S.C. Section 207(h)(2) (hereafter referred to as "offsets").

Defendant has identified three alternatives for the allocation of these credits and offsets in an effort to resolve this dispute. The first alternative identified by Defendant is the use of a cumulative calculation. Under this method, Defendant determines the total amount of compensation that should have been paid to each

Plaintiff under a 40-hour standard over the relevant statutory period and then subtracts the total amount of overtime paid to each Plaintiff during this same time period (generally overtime for working more than 204 hours in a 27 day work period.) In other words, the total amount that should have been paid to each Plaintiff is reduced by the total amount actually paid. This calculation is supported by the plain language of the FLSA and significant legal authority, is the simplest method and the most equitable to Defendant and ensures that Plaintiffs do not receive a windfall at significant expense to Defendant.

The second alternative identified by Defendant recognizes Defendant's prior practice of paying employees on a 27-day work period basis. Under this second alternative, Defendant determines the total amount that should have been paid to the employee for any 7 day workweeks that fall within a 27 day work period. Defendant would then reallocate any overtime paid for each 27-day period against the amount that should have been paid if overtime had been calculated based upon work over 40 hours in the seven day workweeks that fall within that same period. In other words, Defendant would perform a work period based calculation. Although this calculation would result in a slight windfall to Plaintiffs, the amount of any such windfall will not be as great as the amount that would arise under the weekly method advocated by Plaintiffs.

Finally, the third alternative proposed by Defendant is to perform a pay period based calculation. Under this method, the amount of overtime paid in each pay period to Plaintiffs is subtracted from the amount that should have been paid based upon a seven day, 40 hour workweek. Although this method will result in a much greater windfall to Plaintiffs than either a cumulative method or a work period method, it is still more accurate than the weekly method urged by Plaintiffs.

Defendant should be allowed to receive the full value of the overtime payments already made to Plaintiffs. Anything less results in Defendant being unfairly penalized beyond the already significant penalty imposed upon Defendant

of liquidated damages. Thus, for the reasons set forth below, the calculation method urged by Plaintiffs should be rejected. Instead, Defendant should be allowed to perform a cumulative calculation as it results in the most appropriate and equitable allocation of offsets. In the alternative, a work period based calculation method should be applied.

## II. STATEMENT OF THE FACTS

As set forth in the parties' factual stipulations, Defendant paid Plaintiffs based on a 27-day, 204 hour overtime threshold pursuant to Section 7(k) of the Fair Labor Standards Act ("FLSA"). (Stipulated Facts, ¶ 1.) This Court has ruled that Defendant violated the FLSA by using this threshold. (Stipulated Facts, ¶ 2.) The Court has determined that Plaintiffs should receive back pay for overtime hours worked based on 7 day, 40 hour standard. (Stipulated Facts ¶ 3.) In light of the Court's ruling, the parties have been in the process of calculating potential liability and damages. However, the parties have been unable to agree on a method by which the Defendant would receive full credit for all overtime compensation previously paid to Plaintiffs.

Section 7(h)(2) allows an employer to credit certain payments made to employees against overtime compensation owed under the FLSA. (Stipulated Facts, ¶ 13.) Payments that may be credited include: (1) extra compensation paid at a premium rate for hours worked in excess of an employee's regular working hours (29 USC § 207(e)(5)); and (2) extra compensation paid at a premium rate pursuant to a collective bargaining agreement for work outside the regular or normal workday or workweek where such premium rate is not less than one and one-half the rate establish for like work during the workday or workweek (29 USC § 207(e)(7)). (Stipulated Facts, ¶¶ 13 and 14.) Defendants have made such creditable payments to Plaintiffs. (Stipulated Facts, ¶¶ 6 – 10.)

Plaintiffs are paid on a bi-weekly basis. Overtime payments made by the City for hours worked in excess of 204 hours in a 27-day pay period are paid in the

paycheck that includes the ending date for the 27-day work period. Other overtime payments (including extra compensation for hours worked in excess of an employee's regular working hours) are paid in the paycheck that includes the date on which such payments were earned. (Stipulated Facts, ¶ 11.)

Plaintiffs assert that credits and offsets must be considered on a workweek by workweek basis and maintain that any such payments can be only be applied against overtime due in the same workweek in which the payments were made. (Stipulated Facts, ¶ 16.) Plaintiffs approach gives no consideration to what hours the payments were intended to compensate.

Defendant asserts that it is entitled to a credit for all FLSA overtime already paid to Plaintiffs and that it is entitled to offset any premium payments paid during the relevant statutory time. Such credits and offsets should be viewed as a whole and applied cumulatively over the entire time period for which Plaintiffs claim liability. (Stipulated Facts, ¶ 17.) Alternatively, Defendant asserts that such credits should be applied within the 27-day work period, or as a further alternative, on a pay period basis. (Stipulated Facts, ¶ 17.)

### III. ARGUMENT

#### A. DEFENDANTS SHOULD BE ALLOWED TO APPLY OFFSETS ACROSS THE ENTIRE STATUTORY PERIOD

##### 1. Defendants' Calculation Method is Consistent with the Language of the FLSA

Section 207(h)(2) of the FLSA provides that certain extra payments made by an employer "shall be creditable against overtime compensation payable pursuant to this section." Under the calculation urged by the Defendant, the total amount of overtime compensation that would have been due to Plaintiffs under a 40-hour threshold is calculated. This amount constitutes the "overtime compensation payable under this section" for the entire statutory limitations period. Once this value is known, any "creditable payments" are subtracted from the amount of "overtime compensation payable."

- 4 -

For example, assume an employee should have been paid $150,000 during the entire statutory period under application of a 40-hour standard. However, since the Defendant performed calculations based on a 27-day work period, the employee only received $125,000 during this same statutory period. The amount owed would be subtracted from the amount paid to determine the additional compensation owed. In this example, that additional compensation would be $25,000 ($150,000 - $125,000). This calculation allows for full payment of the amount that should have been paid to the Plaintiff had a 40-hour per week calculation been performed, without unfairly penalizing Defendant and causing Defendant to pay twice for the same overtime hour worked.

Notably, this calculation method is consistent with the language of the FLSA and is reasonable as it a simple, straight-forward calculation that considers the entire statute of limitations period for a cause of action under the FLSA. In contrast, the approach advocated by Plaintiffs serves to piece-meal the statutory period and deprives Defendant of the benefit of FLSA overtime payments already made and the application of available offsets. Accordingly, Plaintiffs' piece meal approach to offsets should be rejected and a cumulative calculation should be applied.

### 2. Principles of Equity Require Application of a Cumulative Calculation

The FLSA specifies in section 207(a) that employers must pay overtime after 40 hours worked in a 7 day workweek and specifies in section 7(h) that certain overtime premiums are creditable towards overtime owed under the FLSA. The express language of the FLSA does not specify a time period for either payment of overtime premiums or credit for overtime premiums paid. Under the FLSA, an employer is only liable to employees for unpaid overtime, and liquidated damages if the failure to pay overtime was not in good faith. (29 U.S.C. §216(b).) Plaintiffs have the burden of proving that they were not paid all overtime due. *Anderson v.*

*Mt. Clemens Pottery Co.,* 328 U.S. 680, 686-87, 66 S. Ct. 1187, 90 L.Ed. 1515 (1946); *see also, Maciel v. City of Los Angeles,* 569 F.Supp.2d 1038, 1043, 1055-1056 (2008) [plaintiffs must prove the amount of their uncompensated overtime work].

In this case, the amount of Plaintiffs' uncompensated work is the difference between the amount of overtime paid to them by Defendant and the amount owed to them based upon the Court's prior summary judgment rulings. Employees who bring FLSA claims are only "entitled to be made whole, not to a windfall at the [defendant's] expense." *Roman v. Maietta Construction Inc.,* 147 F.3d 71, 77 (1st Cir. 1998) quoting *D'Camera v. District of Columbia,* 772 F.Supp. 779, 803 (D.D.C. 1989.) To ensure that an employee does not receive a windfall, courts have repeatedly allowed employers to offset all premium payments made during the entire statutory period against FLSA overtime compensation owed during that same statutory period.

For example, in *Kohlheim v. Glynn County,* 915 F.2d. 1473, 1481 (11th Cir. 1990), the court held that the public agency employer "should be allowed to set-off all *previously paid overtime premiums,* …, against overtime compensation found to be due an owing ..." (Emphasis in original.) In addition, in *O'Brien v. Town of Agawam,* 491 F.Supp.2d 170, 176 (D.C. Mass. 2007), the court held that the defendants were "entitled to credit the premium portions of all contractual overtime payments regardless of when the premiums were paid and when the overtime work occurred." Similarly, in *Singer v. City of Waco,* 324 F.3d 813, 826 (5th Cir. 2003) the court upheld a cumulative approach finding that to do otherwise would result in significant overpayments to employees.

Defendant notes that there is a split of authority as to the use of a cumulative calculation method and that the Ninth Circuit Court of Appeals has not yet offered an opinion on this matter. A review of the cases that disallow a cumulative approach reveals that they are factually distinguishable. In cases where a

422156.1 LO160-032

- 6 -

NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT; MEMO OF POINTS & AUTHORITIES

cumulative approach was disallowed, the court reasoned that a cumulative approach would "inconsistent with the statutory requirement that overtime payments must be timely made" and would result in a windfall to the employer. (*See Howard v. City of Springfield*, 274 F.3d 1141, 1148 (7th Cir. 2002); *Herman v. Fabri-Centers of America, Inc.*, 308 F.3d 580 (6th Cir. 2002).) Here, there is no evidence that Defendant attempted to delay payment to employees or was untimely in the payments that were made. Instead, Defendant has at all times made payment to Plaintiffs for overtime compensation in the paycheck associated with the end of what Defendant and Plaintiffs (through their collective bargaining agreement) had mistakenly adopted as their overtime threshold. Thus, there is no windfall concern here and these cases are not applicable to this matter.

Here, the equities favor the use of a cumulative calculation, as any other method would result in significant overpayments or a windfall to employees. Plaintiffs were scheduled to work nine twenty-four hours shifts every 27 days and received many of the premium payments that would qualify as extra payments at the end of each 27-day cycle. (Stipulated Facts, ¶¶ 4 and 11.) In laying these 27-day cycles on a calendar and reducing them to a weekly standard, there are occasions when Plaintiffs will have received overtime or premium payments and not have worked more than 40 hours in the new 7-day workweek. If such payments are not considered in their entirety, then a windfall inures to the Plaintiffs. Moreover, unless a cumulative approach is applied, Defendant is significantly harmed because it will lose the benefit of the overtime payments already made simply because of a quirk of the calendar. Such a result is inherently unfair and serves to improperly penalize Defendants for their efforts to comply with the FLSA (and with the terms of collective bargaining agreement that was intended to ensure that the City was able to apply offsets to reduce any potential FLSA liability by providing for collectively bargained premium payments). Therefore, principles of equity support the use of a cumulative calculation.

422156.1 LO160-032

- 7 -

NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT; MEMO OF POINTS & AUTHORITIES

### B. IN THE ALTERNATIVE, DEFENDANTS SHOULD BE ALLOWED TO APPLY OFFSETS WITH CONSIDERATION GIVEN TO THE 27-DAY PERIOD

In the alternative, Defendant should be allowed to apply credits and offsets with consideration given to the entire 27-day work period. It is undisputed that the Defendant paid overtime for any hours worked in excess of 204 hours at the end of every 27-day work period. (Stipulated Facts, ¶ 11.) These payments were made by Defendant in an effort to satisfy its obligations under the FLSA and were intended to cover any FLSA overtime worked during that 27 day timeframe. Thus, the Defendant should receive credit for these payments against any FLSA liability that arose when this 27-day period was reduced to include multiple 7-day workweeks. The following example highlights the windfall that would inure to an employee under the calculation method advocated by Plaintiffs as compared to applying offsets across the entire 27-day work period.

Assume that the first day of the 27-day period falls on a Sunday and the employee works the following hours:

|         | Sun | Mon | Tues | Wed | Thurs | Fri | Sat | Weekly Total Worked |
|---------|-----|-----|------|-----|-------|-----|-----|---------------------|
| Week 1  | 24 (1st Pay period begins) | Off | 24 | Off | 24 | Off | Off | 72 *40 hours of OT* |
| Week 2  | Off | 24 (OT) | 24 | Off | 24 | Off | 24 (1st Pay period ends) | 96 *56 hours of OT* |
| Week 3  | Off (2nd Pay period begins) | 24 (OT) | Off | Off | 24 | Off | 24 | 72 hours *32 hours of OT* |

|  | Sun | Mon | Tues | Wed | Thurs | Fri | Sat | Weekly Total Worked |
|---|---|---|---|---|---|---|---|---|
| Week 4 | Off | 24 | Off | Off | Off | Off (27-day period ends) | 24 (new 27-day period begins; 2nd pay period ends) | 48 *8 hours of OT* |

Based on the above, the employee will have worked all of his nine regularly scheduled shifts during the 27-day period, or 216 hours during the 27-day work period. (See Stipulated Facts, ¶ 4.) In addition, the employee will have worked two additional shifts, one each on Monday of week two and Monday of week three, for which he would receive overtime compensation at the end of the 27-day cycle. Thus, the total number of hours worked during the 27-day period is 264 hours. Since overtime compensation is owed for those hours in excess of 204 in the FLSA period, Defendant will have paid the employee an overtime premium on 60 hours for the 264 hours worked in the 27-day period. (See Stipulated Facts, ¶ 11.) Accordingly, across the two bi-weekly pay periods that make up the four weeks described above, the Defendant will have paid the employee for 204 regular hours and 60 hours of overtime time for one entire 27-day period, and another 24 hours for the first day of the next 27-day period. (See Stipulated Facts, ¶ 11.)

Based on the court's order that a 40-hour workweek standard applies, instead of a 27-day work period standard, the employee would be owed the following amounts:

- For week 1, the employee would be owed 40 hours of regular pay and 32 hours of overtime;
- For week 2, the employee would be owed 40 hours of regular pay and

56 hours of overtime;

- For week 3, the employee would be owed 40 hours of regular pay and 32 hours of overtime; and

- For week 4, the employee would be owed 40 hours of regular pay and 8 hours of overtime.

In total, over the 4 weeks, the employee would be owed 160 regular hours of pay and 128 hours of overtime compensation.

Under the method advocated by Plaintiffs, Defendant would only receive credit for overtime paid in week 4. Although 60 hours of overtime premiums were paid on the payday for weeks 3 and 4, under the method advocated by Plaintiffs, Defendant would not receive any credit for any of the 60 hours of overtime paid for that 27 day work period. Although the employee worked 8 hours of overtime in week 4, the 8 hours of overtime was worked on a Saturday, and the 60 hours of overtime was paid for the 27 day work period which ended on Friday. Since no FLSA overtime was worked by the employee between Sunday and Friday of that week, the 60 hours of overtime paid by Defendant are not credited towards anything.

Thus, under Plaintiffs' method, Defendants would still owe all 128 hours of overtime premiums. This results in the Defendant being forced to forfeit the value of 60 hours of overtime premiums paid. Correspondingly, Plaintiffs receive a staggering windfall, as they will be paid three times for these hours, once when the 27-day period ended and twice again in this lawsuit (once as unpaid overtime and once as liquidated damages.)

In contrast, the method advocated by Defendant would allow for the application of a credit for the entire amount of overtime premiums paid. Thus, since Defendant paid 60 hours of overtime premium, only an additional 68 hours of premium would be owed (128-60 hours paid). This avoids any double or triple payments for the same hour to Plaintiffs. Therefore, as an alternative to the

cumulative calculation described in Section III.A above, Defendant urges this court to adopt a calculation that considers all offsets and credits on a 27-day period basis.

### C. IN THE ALTERNATIVE, DEFENDANTS SHOULD BE ALLOWED TO APPLY OFFSETS WITH CONSIDERATION GIVEN TO THE ENTIRE PAY PERIOD

Assuming *arguendo*, that neither the cumulative method, nor the work period method, is acceptable to this court, Defendants urge the court to apply a pay period method for performing calculations. While a pay period method still results in significant inequity to Defendant and provides for double payments to Plaintiffs, it is still more appropriate than the weekly method urged by Plaintiffs.

Applying the same assumptions described in Section III.B above, this same employee would be owed 80 hours of regular pay and 88 hours of overtime pay for the first pay period and 80 hours of regular pay and 40 hours of overtime pay in the second pay period. In applying offsets, since no overtime premiums were paid in the first pay period (because the employee had not worked in excess of 204 hours yet), the employee would be entitled to receive 88 hours of overtime premiums. However, only the premium portion would be owed, as the employee received the value of 168 hours of regular pay.

In the second pay period, Defendant would be able to offset the overtime premiums paid that period against overtime premiums owed for that period. Since Defendant paid for 60 hours of overtime premiums, and the employee worked 40 hours of overtime, Defendant paid more in premiums than was owed for the pay period and no additional compensation would be owed to the employee. This would result in only a forfeiture of 20 hours of premiums paid, as opposed to the 52 hours that would result under Plaintiffs' workweek by workweek method.

While, in the aggregate there will continue to be pay periods where Plaintiffs are double or triple paid for overtime hours (once under the Defendant's prior method and once or twice again in this lawsuit), the incidence of these double or triple payments will be less than if the workweek by workweek standard urged by

Plaintiffs is applied. Notably, applying a pay period by pay period standard has been determined to be appropriate in balancing both the employer's interests and the employees' interests. (See *Nolan v. City of Chicago*, 125 F.Supp.2d 324 (N.D. Ill. 2000).) Additionally, a pay period basis would defeat any possible argument made by plaintiffs that they were not timely paid for overtime worked in that pay period, as the City pays them bi-weekly.

## IV. CONCLUSION

For all of the reasons stated herein, the Court should find in favor of Defendant, and against Plaintiffs, and give Defendant credit for all overtime paid to Plaintiffs on a cumulative basis for the entire statutory period. In the alternative, the Court should find in favor of Defendant, and against Plaintiffs, and allow for credit for overtime paid to Plaintiffs based on a 27-day work period, or alternatively a 14 day pay period.

Dated: June 21, 2010

Respectfully submitted,

LIEBERT CASSIDY WHITMORE

By: _____
Brian P. Walter
David A. Urban
Attorneys for Defendant
City of Los Angeles

422156.1 LO160-032

- 12 -

NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT; MEMO OF POINTS & AUTHORITIES